UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENNIS BRADLEY, et al.,

    Plaintiffs,

v.                          Case No. 2:07-cv-465-FtM-UADNF

JOHN BOWMAN, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to defendants Kyle Shinbaum and Ken Shouse's motion to dismiss (Doc. # 3), which was filed on July 18, 2007; defendants John Bowman and Robert Cohen's motion to dismiss and/or motion to quash (Doc. # 23), filed on February 5, 2008; defendant Jack Latvala's motion to dismiss and/or motion to quash (Doc. # 27), which was filed on February 15, 2008; and defendant Dora Cline's motion to dismiss and/or motion to quash (Doc. # 35), filed on March 6, 2008. Plaintiffs have filed timely responses to all four motions. (Doc. ## 15, 28, 31, 36.) For the reasons that follow, the Court grants all four motions.

**I. Background**

This case arises from defendants' decision not to disburse funds under the Florida Mobile Home Act ("FMHA"). Under the FMHA, if a mobile home owner is required to move due

to a change in use of the land on which the mobile home park is stationed, the mobile home owner is entitled to funds from the Florida Mobile Home Relocation Trust Fund. Fla. Stat. § 723.0612(1). Payment, however, is not permitted if "[t]he park owner moves a mobile home owner . . . at the park owner's expense." Id. at § 723.0612(2)(a). The six defendants, as members of the Florida Mobile Home Relocation Corporation's Board of Directors, are responsible for approving disbursements of the trust fund. Id. at §§ 723.061(1)(d); 723.0612(3)-(4).

Plaintiffs are mobile home owners; and when they received a change of land use eviction notice, they requested relief from the trust fund. (Doc. # 2 at ¶¶ 10, 19, 21.) After voting, the Board denied plaintiffs' request citing plaintiffs' pending lawsuit against the park owner for damages for the "trouble and expense of relocating and abandoning [their] mobile homes." (Doc. # 2-2 at 1.) The Board explained that, after the lawsuit had concluded and plaintiffs had demonstrated the park owner had not compensated them for the costs of relocation, payment would be authorized. (Id.)

On April 2, 2007, plaintiffs filed this lawsuit in state court, on behalf of 65 additional mobile home owners, alleging that defendants' decision violated their Fourteenth Amendment

2

rights to equal protection under the laws and 42 U.S.C. § 1983.  (Doc. # 2 at ¶ 33.)  Plaintiffs allege they were treated unequally inasmuch as the Board had disbursed trust funds to a similarly situated group of mobile home owners who also had a pending civil action regarding a change of use eviction.  (Id. at ¶ 27.)  Defendants Shinbaum and Shouse were the first to receive service of process and removed this case to federal court on July 24, 2007.  (Doc. # 1.)  After the four other defendants received service of process, they consented to removal of this action.  (Doc. ## 22, 26, 33.)

In their motions to dismiss, defendants raise numerous grounds, including 1) Eleventh Amendment immunity; 2) qualified immunity; 3) untimely service of process; 4) improper service of process; 5) failure to meet the Eleventh Circuit's heightened pleading requirements for § 1983 claims; and 6) and failure to satisfy Fed. R. Civ. P. 23's class certification requirements.[1]  (Doc. ## 3, 23, 27, 35.)

---

[1]Defendants are all represented by the same counsel, and their motions to dismiss are virtually the same with the exception of defendants Shinbaum and Shouse.  Defendants Shinbaum and Shouse do not assert untimely service of process.  They additionally include two other grounds for dismissal in their motion, volunteer liability and failure to file a writ of certiorari.

**II. Standard of Review**

In deciding a motion to dismiss, the Court "accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the nonmoving party." See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

"The allegations of a complaint . . . must be read in a liberal fashion, and they must be accepted as true in testing their sufficiency." Faulk v. City of Orlando, 731 F.2d 787, 789-90 (11th Cir. 1984) (citations omitted). The complaint must contain inferential allegations from which the defendant can derive "each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). If a plaintiff fails to state a claim upon which relief can be granted, the claim can be dismissed. Pub. Citizen, Inc. v. Miller, 992 F.2d 1548 (11th Cir. 1993).

**III. Analysis**

"Qualified immunity protects government officials performing discretionary functions as long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[2] Sharp v. Fisher, 532 F.3d 1180, 1183 (11th Cir. 2008) (quoting Beshers v. Harrison, 495 F.3d 1260, 1265 (11th Cir. 2007)). "It is well established that a plaintiff seeking to overcome the defendant's privilege of qualified immunity must show (1) that the officer violated her federal constitutional or statutory rights, and (2) that those rights were clearly established at the time the officer acted." Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir. 2008).

In situations where, as here, in addition to the defense of qualified immunity, the defendant asserts that plaintiff has failed to sufficiently plead a cause of action, defendants' Rule 12(b)(6) defense and qualified immunity defense become intertwined. See Wooten v. Campbell, 49 F.3d

---

[2]Plaintiffs do not dispute that defendants were government officials performing discretionary functions and therefore have qualified immunity. Accordingly, the only issue before the Court is whether plaintiffs can overcome defendants' qualified immunity.

696, 699 (11th Cir. 1995). "A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." Id. (quoting Siegert v. Gilley, 500 U.S. 226, 232 (1991)) (original alterations omitted). "If a plaintiff has not sufficiently alleged a violation of any constitutional right, it is axiomatic that the plaintiff likewise has failed to allege the violation of a 'clearly established' right." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).

In § 1983 claims, the Eleventh Circuit has adopted a heightened pleading requirement. Epps v. Watson, 492 F.3d 1240, 1243 (11th Cir. 2007). "The complaint must allege the relevant facts 'with some specificity'" as "[m]ore than mere conclusory notice pleading is required." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). Because the allegations in plaintiffs' complaint do not satisfy this heightened pleading requirement, plaintiffs have failed to state a claim for relief and therefore cannot overcome defendants' privilege of qualified immunity.

"In order to prevail on an equal protection claim based

6

upon the application of a facially neutral statute, it must be establish[ed] that: (1) the plaintiff was treated differently than similarly situated persons; and (2) the defendant unequally applied the facially neutral statute for the purpose of discriminating against the plaintiff." Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996). Plaintiffs allege in their complaint that they were treated differently than similarly situated individuals. (See Doc. # 2 at ¶ 27.) Specifically, plaintiffs allege that "mobile home owners in the Kissimmee Campgrounds, Osceola County, Florida . . . also filed a similar civil action related to their change of use eviction" but were awarded proceeds from the trust fund. (Id. at ¶ 27.) While the complaint may contain sufficient allegations that plaintiffs were treated differently than similarly situated persons, plaintiffs fail to allege that defendants acted with the purpose of discriminating against them.

In support of their contention that they have established a claim for relief under § 1983, plaintiffs cite to their allegations in paragraphs 24 and 26 of their complaint. (Doc. # 15 at 3-4; Doc. # 28 at 5; Doc. # 31 at 5; Doc. # 36 at 5.) In paragraph 24 of the complaint, plaintiffs allege that defendants "wrongfully denied [their] applications in

7

intentional disregard of the rights of the plaintiffs and with vindictiveness, illegitimate animus, or ill will." (Doc. # 2 at ¶ 24.) In paragraph 26, plaintiffs allege that defendants "wrongfully refused to consider plaintiffs' applications in intentional disregard of the rights of the plaintiffs and with vindictiveness, illegitimate animus, or ill will." (<u>Id.</u> at ¶ 26.) These allegations are insufficient. Plaintiffs do not allege that defendants discriminated against them or otherwise harbored discriminatory animus toward them. Accordingly, their complaint does not support an equal protection claim.

This Court's conclusion is supported by the Eleventh Circuit's decision in <u>GSR Investments, Inc</u>, 132 F.3d 1359. There, the plaintiff sought approval to build a RV campground on its property. <u>Id.</u> at 1361. After filing four applications, the county granted permission to build the campground. <u>Id.</u> The plaintiff then sued the county as well as several county officials and employees under § 1983 "alleging that the county and the named defendants had violated [plaintiff's] constitutional rights by delaying the permit approval process." <u>Id.</u> at 1361-62.

In determining whether the plaintiff sufficiently alleged that the defendants unequally applied the zoning laws for purposes of discriminating against the plaintiff, the Court

8

relied on the Supreme Court's decision in Snowden v. Hughes, 321 U.S. 1, 6, (1944). Id. at 1368. The Supreme Court, in Snowden, explained,

> The lack of any allegations in the complaint . . . tending to show a purposeful discrimination . . . is not supplied by the opprobrious epithets "willful" and "malicious" . . ., or by characterizing [the defendant's actions] as an unequal, unjust, and oppressive administration of the laws. . . . These epithets disclose nothing as to the purpose or consequence of [the defendant's actions]. . . . Such allegations are insufficient under our decisions to raise any issue of equal protection of the laws.

GSR Invs., Inc., 132 F.3d at 1368 (quoting Snowden, 321 U.S. at 10)). Reviewing the allegations in plaintiff's complaint, the GSR Investments, Inc. Court concluded, "[Plaintiffs' allegations that the defendants' actions were 'arbitrary and capricious in that [they] acted with an improper motive, without reason, or upon a reason that was merely pretextual,' are uncannily similar to those the Supreme Court rejected in Snowden, and are insufficient for much the same reason." 132 F.3d at 1368 (citations omitted).

In this case, plaintiffs' allegations of defendants' "vindictiveness," "illegitimate animus," and "ill will," like Snowden and GSR Investments, Inc., are insufficient to establish that defendants acted with an intent to discriminate against plaintiffs. Therefore, plaintiffs' complaint fails to

9

state a cause of action for denial of equal protection because there are no allegations that defendants treated them unequally for the purpose of discriminating against them.  In the absence of a sufficiently pled federal claim or constitutional violation, plaintiffs cannot overcome defendants' qualified immunity.  Accordingly, defendants' motions to dismiss are due to be granted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Kyle Shinbaum and Ken Shouse's motion to dismiss (Doc. # 3) is **GRANTED**.

(2) Defendants John Bowman and Robert Cohen's motion to dismiss and/or motion to quash (Doc. # 23) is **GRANTED**.

(3) Defendant Jack Latvala's motion to dismiss and/or motion to quash (Doc. # 27) is **GRANTED**.

(4) Defendant Dora Cline's motion to dismiss and/or motion to quash (Doc. # 35) is **GRANTED**.

(5) Plaintiffs' complaint (Doc. # 2) is **DISMISSED** without prejudice.  Should Plaintiffs be inclined to amend their complaint, they shall do so within ten days of the date

of this order.  If Plaintiffs do not file an amended complaint within ten days of the date of this order, the Clerk will be directed to close the case.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>11th</u> day of February 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record